Filed 3/28/22  P. v. Guajardo CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>RUBEN GUAJARDO,<br><br>     Defendant and Appellant. | C093286<br><br>(Super. Ct. No. 14F00683) |

This appeal comes to us ostensibly pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

On May 28, 2015, a jury found defendant Ruben Guajardo guilty of first degree murder and being a felon in possession of a firearm.  The trial court also found true defendant had a prior strike.  On July 17, 2015, defendant was sentenced to 75 years to life.  Defendant appealed and we reversed the strike finding but otherwise affirmed. (*People v. Taylor et al.* (May 12, 2017, C079829) [nonpub. opn.].)  Defendant was resentenced on August 24, 2017, to 50 years to life.

1

On June 11, 2020, defendant filed a petition for resentencing under Penal Code section 1170.95.[1]  The petition asserted he could not now be convicted of first degree murder because of the changes made to sections 188 and 189, effective January 1, 2019. After briefing by the parties, the trial court denied defendant's petition, finding him ineligible for relief.

## DISCUSSION

Counsel filed an opening brief that sets forth the relevant procedural history and facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed but has not done so.

Review pursuant to *Wende* or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738, is required only in the first appeal of right from a criminal conviction.  (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501.)  And the due process right to *Anders/Wende* review applies only in appellate proceedings in which a defendant has a previously established constitutional right to counsel.  (*Ben C.*, at pp. 536-537; *Serrano*, at p. 500.)  The constitutional right to counsel extends to the first appeal of right, and no further.  (*Serrano*, at pp. 500-501.) Although a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his or her substantial rights (§§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional.  Thus, a defendant is not entitled to *Wende* review in such an appeal when appointed counsel finds no arguable

---

[1]  Undesignated statutory references are to the Penal Code.

issues on appeal.  (See *Serrano*, at p. 501 [no *Wende* review for denial of postconviction motion to vacate guilty plea pursuant to § 1016.5].)

The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*People v. Serrano, supra*, 211 Cal.App.4th at p. 501.)  Applying *Serrano* here, we conclude that defendant has no right to *Wende* review of the order denying his postjudgment request that the trial court resentence him under section 1170.95.  (*People v. Figueras* (2021) 61 Cal.App.5th 108, 111-112 [finding no right to a *Wende* review from a denial of a § 1170.95 petition], review granted May 12, 2021, S267870.)

DISPOSITION

The appeal is dismissed.


                                             /s/
                                      RAYE, P. J.


We concur:


   /s/
HULL, J.


   /s/
KRAUSE, J.


3